EL PUEBLO *v.* DEL TORO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 100.—Resuelto en noviembre 12, 1907.

MULTA—PRISIÓN SUBSIDIARIA—SENTENCIA.—La prisión subsidiaria que por defecto del pago de multa pueden imponer las cortes de distrito *no puede exceder de un día por cada dollar* que el acusado dejare de satisfacer, y la sentencia que en su virtud se dicte no debe serlo en la forma de que el acusado pague la multa ó sufra prisión, dejando á su elección el cumplimiento de la sentencia, sino que debe especificarse en ésta que *en defecto del pago de la multa* á que dicho acusado haya sido condenado, se le reduzca á prisión por el término que corresponda.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

Esta causa tuvo origen en la corte municipal de Mayagüez, por virtud de denuncia de un policía insular contra el acusado por delito contra la paz pública.  Pasó á la corte de distrito en grado de apelación, y celebrado el nuevo juicio, se le condenó á la pena de "quince dollars de multa ó treinta días de cárcel y costas."

Contra ese fallo, dictado en seis de marzo de 1907, interpuso el culpable recurso de apelación para ante esta Corte Suprema, y aquí sólo tenemos, para juzgar el caso, el legajo de la sentencia, que en este caso lo constituye la denuncia y la sentencia apelada, toda vez que no hay pliego de excepciones, ni exposición de hechos, ni siquiera alegato escrito en defensa de los derechos del apelante.

Examinando la sentencia, objeto del recurso pendiente, vemos que la pena personal es excesiva, por cuanto la ley de aplicación á este caso, es el artículo 322 del Código de Enjuiciamiento Criminal, y éste dispone que aquélla "no debe exceder de un día por cada dollar de multa, ni pasar más allá del término á que fuese sentenciado á prisión el acusado por el delito de que ha sido convicto."

De modo, que la pena que debió imponerse es de quince dollars de multa ó de quince días de cárcel, empleando, por ahora, la forma confusa seguida por la sentencia apelada.

Esta doctrina referente al artículo 322 ya citado, ha sido tratada ya por este tribunal en los casos siguientes:

"*Guadalupe Andino, Ex parte,* 20 de mayo 1905.
*Benito Delgado, Ex parte,* 25 abril, 1907.
*El Pueblo de Puerto Rico* v. *Gabriel Díaz,* 6 mayo, 1907.
*El Pueblo de Puerto Rico* v. *José Maiz,* 2 junio, 1907
*El Pueblo de Puerto Rico* v. *Manuel M. Paz,* 29 junio, 1907."

Y muy especialmente se trató este punto considerando el citado artículo 322, 323 y el 54, todos del Código de Enjuiciamiento Criminal, en el caso fallado recientemente, 30 de octubre último, de *El Pueblo de Puerto Rico* v. *Rafael Laviosa,*

en que fué ponente el Sr. MacLeary. En ese dictamen se estudian la primera y 3ª. disposición citadas, comparándolas con las referentes secciones del Código Penal de California.

De modo, que aquí dejamos otra vez establecido que la sentencia recurrida se excedió en la pena que no debió pasar de un dollar por cada día ó sean quince días de cárcel.

La forma de la parte dispositiva de la sentencia es confusa, hemos dicho antes, porque parece que se deja al acusado la elección de las penas de multa ó de cárcel y esto ni puede ser así, ni creemos que haya sido el propósito de la corte.

Para evitar esto, nos parece más claro decir ''se declara culpable á Manuel M. del Toro, y por tanto, se le condena á la pena de quince pesos de multa y en defecto de su pago inmediato, sufrirá quince días de cárcel y costas.''

Este punto también está tratado en el caso de Laviosa, que se ha citado, y á él también nos referimos.

De modo que, con tales correcciones ó enmiendas, puede dictarse la sentencia por esta Corte Suprema.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.